UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                 'O'

| Case No. | 5:16-cv-00152-CAS (DTBx) | Date | April 20, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                Not Present

**Proceedings:** (IN CHAMBERS)- DEFENDANTS' MOTIONS TO DISMISS FOR IMPROPER VENUE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) (Dkts. 10 & 13, filed February 26, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of April 25, 2016, is vacated, and the matter is hereby taken under submission.

## I.      INTRODUCTION & BACKGROUND

On January 26, 2016, plaintiff Jose M. Villagordoa Bernal ("Villagordoa") filed the instant action against defendants Hector Manuel Rodriguez ("Rodriguez") and Luis A. Rojas ("Rojas") (collectively, "defendants"). Dkt. 1 (Compl.). The complaint asserts claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c)-(d), as well as state law claims for intentional misrepresentation, intentional infliction of emotional distress, breach of fiduciary duty, and concealment. See generally id. In brief, plaintiff alleges that defendants defrauded him and his mother—who is not a party in this suit—of $50,000 by fraudulently inducing them to invest in a hair salon business. See generally id. at ¶¶ 10-42.

On February 26, 2016, defendants, proceeding *pro se*, filed separate motions, pursuant to Federal Rule of Civil Procedure 12(b)(3), to dismiss this action for improper venue, based on the existence of a similar case that is pending in the San Bernardino

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 5:16-cv-00152-CAS (DTBx) | Date | April 20, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

County Superior Court. Dkt. 10 ("Rojas Motion"), 13 ("Rodriguez Motion").[1] On April 1, 2016, plaintiff filed an opposition to defendants' motions. Dkt. 16 ("Opp'n").[2] Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(3), a defendant may move to dismiss or transfer a complaint for improper venue. When deciding a Rule 12(b)(3) motion, unlike a Rule 12(b)(6) motion, the Court need not accept the pleadings as true and may consider facts outside the pleadings. See R.A. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper. Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). To prevail on a 12(b)(3) motion, the plaintiff only needs to make a prima facie showing of proper venue. Where venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a). Kelly v. Echols, 963 F.2d 1301, 1304 (9th Cir. 1992).

---

[1] Defendants Rojas and Rodriguez filed separate motions. However, the motions are nearly identical save for the filer's names and declarations. Accordingly, throughout this order, the Court cites only to defendant Rojas's motion to dismiss.

[2] In his opposition, plaintiff asserts that the Court should deny defendants' motions on the grounds that defendants failed to meet and confer prior to filing the instant motions, as required by Local Rule 7-3. Specifically, under Local Rule 7-3, parties contemplating the filing of a motion must contact and discuss the motion with opposing counsel at least seven days prior to filing. C.D. Cal. L.R. 7-3. Although the Court denies defendants' motions on the merits, the Court (1) admonishes all parties to abide by the Local Rules in future proceedings, and (2) warns all parties that failure to meet and confer prior to filing motions constitutes grounds for denial of a motion or imposition of other monetary or non-monetary sanctions. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 5:16-cv-00152-CAS (DTBx) | Date | April 20, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

## III. DISCUSSION

Defendants' respective 12(b)(3) motions argue that this action must be dismissed based upon the existence of a state action that is premised upon the same underlying facts. Rojas Motion at 3. Specifically, defendants argue that plaintiff Villagordoa filed the instant action "for the sole purpose of harassment as he is already litigating his case in the appropriate venue of State Court." Id. The plaintiffs in the state action, which was filed on October 23, 2015 and is also titled Bernal v. Rodriguez (the "State Action"), are Villagordoa (the sole plaintiff in this action) and his mother, Maria Susana Evans Bernal ("Bernal"). The complaint in the State Action alleges largely the same facts as the operative complaint in this action, and asserts the following claims against both Rodriguez and Rojas: (1) fraud, (2) fraud in the inducement, (3) conspiracy to commit fraud, (4) conversion, (5) intentional infliction of emotional distress, (6) breach of contract, (7) breach of fiduciary duty, (8) unlicensed practice of accounting, and (9) defamation.[3] For purposes of the instant motion to dismiss for improper venue, defendants' arguments regarding the State Action are unavailing.

Again, the complaint in the State Action names two plaintiffs: Jose M. Villagordoa Bernal, the plaintiff in this action, as well as Maria Susana Evans Bernal, plaintiff's mother. Opp'n, Ex. C (State Compl.), at 1. However, in opposition to defendants' Rule 12(b)(3) motions, plaintiff Villagordoa asserts that he is no longer party to the State Action, as his single claim for fraud in that action was dismissed from the State Action without prejudice before he filed the instant suit in federal court. Opp'n at 10. The Court's review of the judicially-noticed record in the State Action supports plaintiff's assertions. Specifically, on January 22, 2016, the tenth claim for fraud in the State Action was voluntarily dismissed without prejudice. Opp'n, Ex. D; see also State Action Docket. Transcripts from the proceedings in the State Action, dated February 22, 2016, also indicate that the state court noted on the record that the tenth claim had been dismissed and that Villagordoa, the plaintiff in this suit, was no longer a party to the State Action.

---

[3] Under Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record." Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986). Accordingly, the Court takes judicial notice of the docket and filings in the underlying State Action, Bernal v. Rodriguez, No. DS 1515538 (Cal. Super. Ct. Filed October 23, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:16-cv-00152-CAS (DTBx) | Date | April 20, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

In any event, defendants' argument misses the mark because the existence of a state action arising from the same factual predicate as a federal action does not mandate dismissal of the federal action under Rule 12(b)(3):

> With regard to duplicative actions in state and federal courts, the [Supreme] Court has remarked,
>
> > "Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata. . . . The rule, therefore, has become generally established that . . . another action for the same cause in another jurisdiction is not precluded." Kline v. Burke Const. Co., 260 U.S. 226, 228 (1922).

Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 370 n.10 (5th Cir. 1995).

Aside from their argument regarding the effect of the purportedly duplicative state court proceeding, defendants do not provide alternative grounds that might warrant dismissal for improper venue. Indeed, based upon the allegations in the operative complaint, the Court concludes that the Central District of California is the proper venue for plaintiff's action. Under 28 U.S.C. § 1391(b), a civil action may be brought in any district in which any defendant resides, or in any district in which a substantial part of the events giving rise to the claim occurred. San Bernardino County is within the Central District of California, 28 U.S.C. § 84, and plaintiff here alleges—and defendants do not dispute—(1) that both defendants Rojas and Rodriguez are residents of San Bernardino County, and (2) that the underlying facts giving rise to plaintiff's claims occurred in Ontario, San Bernardino County. See Compl. ¶¶ 4-5, 10-42. Accordingly, defendants have failed to demonstrate that this action was brought in the improper venue.[4]

---

[4] The Court notes that defendants do not challenge the court's subject-matter jurisdiction or personal jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(b)(2), respectively.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:16-cv-00152-CAS (DTBx) | Date | April 20, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, defendants' respective motions to dismiss for improper venue are hereby **DENIED**.[5]

IT IS SO ORDERED.

                                                                                                                           00 : 00

                                                          Initials of Preparer                                  CMJ

---

[5] In his opposition to the instant motion, plaintiff requests that the Court sanction defendants, pursuant to the Court's inherent power under 28 U.S.C. §1927, on the grounds that defendants, although nominally proceeding *pro se*, purportedly benefitted from "ghostwriting" by legal counsel. Opp'n at 18. In support of this contention, plaintiff states that defendants' motions contain formatting and stylistic qualities typically employed by legal professionals, that defendant Rodriguez is represented by counsel in the State Action, and that defendants at one point indicated to plaintiff's counsel that they would be represented in this federal action. Id. at 13-14. Ghostwriting pleadings for *pro se* litigants is, of course, wholly inappropriate and potentially sanctionable conduct. See Ricotta v. State of Cal., 4 F.Supp.2d 961, 986 (S.D. Cal. 1998) (disapproving of ghostwriting but noting that "the facts of th[e] case are not nearly egregious enough for this Court to take the unprecedented step of holding an attorney and a pro se party in contempt for giving and receiving assistance in the drafting of documents"), aff'd sub nom. Ricotta v. State of Cal., 173 F.3d 861 (9th Cir. 1999); Walker v. Pacific Maritime Assoc., No. 07-3100, 2008 WL 1734757, at *2 (N.D. Cal. April 14, 2008) (noting that ghostwriting is prejudicial to opponents and "frustrates" the application of Federal Rule of Civil Procedure 11). However, as plaintiff notes, a Rule 11 "motion for sanctions must be made separately from any other motion," and the opposing party must be given 21 days to correct the alleged violation. Fed. R. Civ. P. 11(c)(2). Accordingly, plaintiff avers that he has served defendants with a separate Motion for Sanctions under Rule 11, as well as a Motion for Order of Disclosure, seeking to compel defendants to identify any legal assistance in the preparation of their Motions to Dismiss and the date which any such legal counsel was admitted as a member of the bar of this Court. Plaintiff further avers that he intends to file said motions with the Court at the conclusion of the 21-day "safe harbor" period required by Rule 11. At the present time, therefore, the Court does not reach the merits of plaintiff's arguments regarding sanctions for any alleged "ghostwriting" of defendants' motions to dismiss.