UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00152-CAS-DTB | Date | April 20, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) – ORDER TO SHOW CAUSE

On January 26, 2016, plaintiff Jose M. Villagordoa Bernal ("Villagordoa") filed the instant action against defendants Hector Manuel Rodriguez ("Rodriguez") and Luis A. Rojas ("Rojas") (collectively, "defendants"). Dkt. 1 (Compl.). The complaint asserts claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c)-(d), as well as state law claims for intentional misrepresentation, intentional infliction of emotional distress, breach of fiduciary duty, and concealment. See generally id. In brief, plaintiff alleges that defendants defrauded him and his mother—who is not a party in this suit—of $50,000 by fraudulently inducing them to invest in a hair salon business. See generally id. at ¶¶ 10-42. A related state action, Bernal v. Rodriguez, No. DS 1515538 (Cal. Super. Ct. Filed October 23, 2015) (the "State Action"), is currently proceeding in the San Bernardino County Superior Court. The State Action was filed on October 23, 2015 by Villagordoa (the sole plaintiff in this action) and his mother, Maria Susana Evans Bernal ("Bernal").[1] The complaint in the State Action alleges largely the same facts as the operative complaint in this action, and asserts the following claims against both Rodriguez and Rojas: (1) fraud, (2) fraud in the inducement, (3) conspiracy to commit fraud, (4) conversion, (5) intentional infliction of emotional distress, (6) breach of contract, (7) breach of fiduciary duty, (8) unlicensed practice of accounting, and (9) defamation.

---

[1] However, a review of the docket in the State Action reveals that Villagordoa is no longer a party to the State Action, as his sole claim against defendants has been dismissed without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00152-CAS-DTB | Date | April 20, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

"A district court has discretionary power to stay proceedings in its own court under Landis v. North American Co., 299 U.S. 248, 254 (1936)." Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005). As is relevant here, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979).

> [The Supreme Court's decision in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)] and subsequent cases lay out the following factors, that, although not exclusive, are relevant to whether it is appropriate to stay proceedings: (1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; (7) whether exercising jurisdiction would promote forum shopping.

Holder v. Holder, 305 F.3d 854, 868 (9th Cir. 2002).

**IT IS HEREBY ORDERED** that plaintiff Jose M. Villagordoa Bernal show cause in writing not later than **Monday, May 2, 2016** why this action should not be stayed pending resolution of the State Action. In accordance with Federal Rule of Civil Procedure 78 and Local Rule 7-15, oral argument shall not be heard in this matter unless so ordered by the Court. The Order to Show Cause will stand submitted upon the filing of plaintiff's brief.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | CMJ | | |