UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | June 21, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present                         Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S RULING ON JUNE 10, 2016 (Dkt. 39, filed June 20, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of August 1, 2016 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

The court is in receipt of defendants' motion for reconsideration of the Court's June 10, 2016 order (the "June 10, 2016 order"). Dkt. 39 ("Motion"). Among other things, the Court's June 10, 2016 order remanded a related state court action ("the Superior Court action"), Bernal v. Rodriguez, No. DS 1515538 (Cal. Super. Ct. Filed October 23, 2015), to the San Bernardino County Superior Court on the grounds that defendants' removal was untimely. See Case No. 5:16-cv-01081-CAS-DTB, Docket Entry No. 7 (June 10, 2016 order). In the instant motion for reconsideration, defendants argue that the Court "was not aware of all facts regarding the filing of the initial [notice of] removal," and that sufficient grounds exist for the Court to reconsider its decision to remand the Superior Court action due to defendants untimely removal. Motion at 3. Having carefully considered defendants' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding for ... [any] reason that justifies relief." Motions for reconsideration are justified where there is the availability of new evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | June 21, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

or the need to correct a clear error or prevent manifest injustice. See Page v. Something Weird Video, 960 F.Supp. 1438, 1440 (C.D. Cal. 1996). "Of course, in any 'newly discovered evidence' situation there is the vital discretion element in which the Judge inescapably has to measure the impact of the 'new' against the whole record." Laguna v. Royalty Co. v. Marsh, 350 F.2d 817, 824 n.13 (5th Cir. 1965). Under Central District Civil Local Rule 7-18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." See C.D. Cal. L.R. 7-18.

## III.   DISCUSSION

In the instant motion for reconsideration, defense counsel argues that a "technical issue . . . prevented the timely filing of the [notice of] removal." Motion at 3. Specifically, defense counsel avers that he "could not locate his CM/ECF log[-]in in order to [*sic*] for him to be able to electronically file the removal," and that counsel accordingly called the CM/ECF help desk on both Thursday, April 28, 2016, and Monday, May 2, 2016, but failed to obtain the relevant information. Id. In light of these facts, counsel avers that the Court's decision to remand the case "was manifestly unjust as Counsel was unable to obtain his log in informatioin [*sic*] and the help desk did not return his phone calls requiring messages to be left on three separate occassions [*sic*] in order for him to obtain his log in information in order to electronically filed [*sic*]." Id. at 4.

Notably, defense counsel, whose office is located in Beverly Hills, California, does not explain why he did not *manually* file a timely notice of removal with the Court when it became apparent that he purportedly did not have access to CM/ECF due to his inability to "locate" his password. By his own estimation, counsel was aware of his inability to access CM/ECF on Thursday, April 28, 2016, well before the relevant removal deadline of Monday, May 2, 2016. As explained in the Court's June 10, 2016

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | June 21, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

order, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)); Douglass v. Weyerhaeuser Co., 662 F. Supp. 147, 149 (C.D. Cal. 1987) ("The time limitations of § 1446(b) are mandatory and the defendant must strictly comply with them. [Citations.] If [the Superior Court action] was not timely removed it should be remanded to the state court."). Counsel's inability to "locate" his CM/ECF password (and apparent unwillingness to manually file the notice of removal) does not provide grounds for excusing the untimely removal of the Superior Court action. Accordingly, defendants' motion for reconsideration must be denied.

## IV. CONCLUSION

In accordance with the foregoing, defendants' motion for reconsideration, dkt. 39, is hereby **DENIED**.

In addition, the Court notes that its June 10, 2016 order put defendants on notice that "that failure to serve a responsive pleading in this action (Case No. CV-16-152), pursuant to Federal Rule of Civil Procedure 12, on or before Monday, June 20, 2016, may result in the entry of default by the Clerk of Court pursuant to plaintiff's application for entry of default, dkt. 30." Dkt. 38 (June 10, 2016 Order), at 5. Accordingly, the Court now orders defendants to file an Answer to the operative complaint in this action by **this Friday, June 24, 2016**. If defendants fail to do so, the Court orders the Clerk of Court to enter default against defendants, pursuant to plaintiff's request for entry of default, dkt. 30, filed on May 26, 2016.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |