UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANTS' MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT (dkt. 42, filed June 28, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of August 15, 2016 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

On January 26, 2016, plaintiff Jose M. Villagordoa Bernal ("Villagordoa") filed the instant action in federal court against defendants Hector Manuel Rodriguez ("Rodriguez") and Luis A. Rojas ("Rojas") (collectively, "defendants"). Dkt. 1 (Compl.). In brief, plaintiff Villagordoa alleges that defendants defrauded him and his mother, Maria Susana Evans Bernal ("Bernal")—who is not a party in this suit—of $50,000 by fraudulently inducing them to invest in a hair salon business. See generally id. at ¶¶ 10-42. On January 22, 2016, four days *before* filing the instant complaint, plaintiff Villagordoa voluntarily dismissed a single claim that he had previously been asserting in a state action in the San Bernardino County Superior Court ("the Superior Court action"), in which both he and his mother were plaintiffs, and both Rodriguez and Rojas were defendants. See Bernal v. Rodriguez, No. DS 1515538 (Cal. Super. Ct. Filed October 23, 2015). The Superior Court action asserts a variety of state law claims and alleges largely the same facts as the operative complaint in this federal action.[1] In the

---

[1] Specifically, the original complaint in the Superior Court action asserts claims for (1) fraud, (2) fraud in the inducement, (3) conspiracy to commit fraud, (4) conversion, (5)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

instant case, in which only Villagordoa (and not his mother) is a plaintiff, the operative complaint asserts claims for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)-(d) ("RICO"), as well as state law claims for intentional misrepresentation, intentional infliction of emotional distress, breach of fiduciary duty, and concealment.  See generally Dkt. 1.

On February 26, 2016, defendants, proceeding *pro se*, filed separate motions, pursuant to Federal Rule of Civil Procedure 12(b)(3), to dismiss this action for improper venue, based upon the existence of the Superior Court action.  Dkts. 10, 13.  On April 1, 2016, plaintiff filed an opposition to defendants' motions.  Dkt. 16.  In an order dated April 20, 2016, the Court denied defendants' motions to dismiss for improper venue.  Dkt. 21.  Shortly thereafter, on April 25, 2016, plaintiff filed a motion requesting that the Court impose sanctions against defendants pursuant to its inherent power, as well as its power to impose sanctions under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11.  Dkt. 24.

On May 26, 2016, in light of defendants' failure to file an Answer as required by Federal Rule of Civil Procedure 12(a)(4)(A), plaintiff filed an Application for Entry of Default.  Dkt. 30.  On June 6, 2016, one week before the scheduled hearing on plaintiff's motion for sanctions, defendants—then represented by attorney Franklin S. Adler—filed an untimely opposition to plaintiff's motion for sanctions.  Dkt. 33.

In an order dated June 10, 2016 (the "June 10, 2016 order"), the Court (1) denied plaintiff's motion for sanctions in the instant case, see Case No. 2:16-cv-00152-CAS-DTB (Dkt. 38), and further (2) remanded the Superior Court action on the grounds that defendants' removal of that action was untimely, see Case No. 5:16-cv-01081-CAS-DTB (Dkt. 7).

On June 20, 2016, defendants filed a motion for reconsideration of the Court's June 10, 2016 order.  Dkt. 39.  On June 21, 2016, the Court denied defendants' motion

---

intentional infliction of emotional distress, (6) breach of contract, (7) breach of fiduciary duty, (8) unlicensed practice of accounting, and (9) defamation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

for reconsideration, and further "order[ed] defendants to file an Answer to the operative complaint in this action by [] **Friday, June 24, 2016**," further stating that "[i]f defendants fail to do so, the Court orders the Clerk of Court to enter default against defendants, pursuant to plaintiff's request for entry of default, dkt. 30, filed on May 26, 2016." See Dkt. 40, at 3 (emphasis in original).

On Monday, June 27, 2016, the Clerk entered default against defendants. Dkt. 41.

On Tuesday, June 28, 2016—i.e., one calender day after the entry of default and four calendar days after the Court's deadline to file an Answer—defendants filed the instant motion to set aside the Clerk's entry of default. Dkt. 42 ("Motion"). On July 25, 2016, plaintiff filed an opposition to the instant motion. Dkt. 43 ("Opp'n"). On August 5, 2016, defendants filed a reply. Dkt. 44 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

The Federal Rules of Civil Procedure govern the entry of default. Once default has been entered by the Clerk, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, the court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)). A district court may refuse to set aside the default if any one of these factors is true. Id.

Here, defendants contend that there is "good cause to set aside the default in that the [d]efendant's default was the result of excusable neglect and setting aside the default would not prejudice the [p]laintiff." Motion at 2. Defendants, who are represented by counsel, aver that they "are immigrants who are being thrown into 'the deep end of the pool' [with] respect to intense civil litigation"—more specifically, defendants assert that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

they "are not savvy litigants," "are not accustomed to these types of proceedings," "were not still completely decided as to whether or not they were in fact going to file answers or file other responsive pleadings," and "are having much difficulty grasping the procedural aspects that must be adhered to" in this action. Id. at 5. Defendants' counsel of record further avers that he "failed [timely] to file the answers on behalf of his clients . . . due to [his] clients weighing their legal options and determining whether or not they wished to answer or file another responsive pleading." Id. at 3 (citing Adler Decl. at ¶ 2).

In considering the merits of defendants' contentions, the Court finds the Ninth Circuit's decision in Brandt v. Am. Bankers Ins. Co. of Florida, 653 F.3d 1108, 1112 (9th Cir. 2011) to be instructive. In that case, the defendant had filed a motion to set aside a default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). In granting the motion to set aside the default judgment, the district court found that the defendant had "fail[ed] to provide a credible explanation for its failure to respond to [the] lawsuit," and had therefore "acted culpably" in failing to respond to the complaint. Id. at 1109-10. However, the court did not find the defendant's conduct to be "in bad faith." Id. at 1110. Ultimately, because defendant "had a meritorious defense, and any prejudice to the plaintiffs could be cured, the district court granted [defendant's] motion and ordered the default judgment and entry of default be set aside upon [defendant's] satisfaction of certain conditions." Id. The "conditions" imposed by the district court were, in the Ninth Circuit's view, "substantial": first, the court required "reimbursement of the [plaintiffs'] attorney fees associated with [defendant's] motion to set aside the default judgment;" and second, the court required "reimbursement of [one individual plaintiff's] travel expenses to attend the default judgment hearing." Id. at n.1.

On appeal, the plaintiffs in Brandt—who had ultimately lost on summary judgment—argued that "once the district court concluded [defendant] acted culpably in failing to respond to the complaint, it was precluded as a matter of law from setting aside the default judgment." Id. at 1109. The Ninth Circuit disagreed and affirmed the lower court's ruling, explaining that "[t]he district court's finding that [defendant] acted culpably did not preclude it, as a matter of law, from setting aside the default judgment under Rule 60(b)(1) based upon excusable neglect." Id. at 1112. The court explained that while a district court "may exercise its discretion to deny relief to a defaulting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

defendant based solely upon a finding of defendant's culpability, [it] need not [do so]." Id.

Here, as in Brandt, defendants have "fail[ed] to provide a credible explanation for [their] failure [timely] to respond to [the] lawsuit," and indeed "acted culpably" in failing to respond to the complaint. Id. at 1109-10. Specifically, defendants' failure timely to file an Answer "because they were [still] weighing their legal options and wanted to make an informed decision as to how they wished to proceed" constitutes culpable conduct. See TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) ("[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action *and intentionally failed to answer*.") (emphasis added) (citation omitted), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147 (2001). Nonetheless, in light of Brandt, the Court concludes that even if defendants' conduct was culpable, this case is best decided upon the merits and not based upon defendants' ill-advised decision to file their Answer on Tuesday, June 28, 2016, rather than on Friday, June 25, 2016.

Generally, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). When a party seeking timely relief from default has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986) (quoting Schwab v. Bullocks Inc., 508 F.2d 353, 355 (9th Cir. 1974)). As such, the Court has broad discretion to overturn an entry of default. Id. As is especially relevant here, this discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010) (noting that this level of liberality is applied "because in the Rule 55 context there is no interest in the finality of the judgment with which to contend"). The Court's denial of a Rule 55(c) motion is reviewed for abuse of discretion; however, "[d]ue to the policy of favoring judgments on the merits, *a glaring abuse of discretion is not required for reversal* of a court's refusal to relieve a party of the harsh sanction of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

default." Id. at 1091 (quoting United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 324 (6th Cir. 2010) (internal quotation marks and citation omitted) (emphasis added)).

Still, as plaintiff rightly notes, a party in default "is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Here, defendants have each filed Answers that are admittedly limited in their recitation of specific facts, but that nonetheless assert (albeit in generalized terms) several affirmative defenses. See Motion at Ex. A (Rojas's Answer), Ex. B (Rodriguez's Answer). Ultimately, the "underlying concern" of the Court "is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters' Trust, 794 F.2d at 513. The Court is satisfied that at least "some" such possibility exists; that is, the Court cannot conclude that "permit[ing] [a] reopening of the case . . . [will] cause needless delay and expense to the parties and court system." Id.; see also Mendoza, 783 F.2d at 945-46 (noting that when a party seeking timely relief from default has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits") (citation omitted).

With respect to potential prejudice associated with the Court's setting the default aside, plaintiff contends that "fairness dictates that at least [d]efendants pay costs and attorneys' fees relating to the default in the amount of $5,118.75" to cover plaintiff's efforts in seeking the entry of default and in opposing the instant motion. Opp'n at 19. Plaintiff cites Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546 (9th Cir. 1988), in which the Ninth Circuit explained that where a district court places "condition[s] [on] the setting aside of a default, any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified." Specifically, the court explained that "the most common type of prejudice is the additional expense caused by the delay, the hearing on the Rule 55(c) motion, and the introduction of new issues," and that "[c]ourts have eased these burdens by requiring the defaulting party to provide a bond to pay costs[] [or] to pay court costs." Id. The imposition of such conditions "can serve to promote the positive purposes of the default procedures without subjecting either litigant to their drastic consequences." Id. (quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

     Similarly, as explained *supra,* the Ninth Circuit in Brandt noted that in setting aside the default despite defendant's culpable conduct, the lower court had required "reimbursement of the [plaintiffs'] attorney fees associated with [defendant's] motion to set aside the default judgment." Brandt, 653 F.3d at 1110 n.1. In light of defendants' culpable conduct here, the Court similarly finds it appropriate (1) to set aside the Clerk's entry of default, and (2) to order that defendants pay plaintiff for the attorneys' fees associated with defendants' motion to set aside the Clerk's entry of default. According to the declaration of his counsel, plaintiff incurred attorneys' fees in the amount of $5,118.75 (15.75 hours at $325 per hour) for counsel's work "[i]n preparing the Entry of Default and [the] Opposition to Defendants' Motion to Set Aside Default." See Declaration of Christian Wyatt Barton, at ¶ 11. While plaintiff's counsel does not specify the number of hours spent solely in connection with the instant motion to set aside the default (separate and apart from plaintiff's application for entry of default), the Court finds that ten hours is an appropriate estimate and that counsel's rate of $325 per hour is reasonable. Accordingly, the Court awards plaintiff $3,250 in attorneys' fees.

### III. CONCLUSION

     In accordance with the foregoing, defendants' motion to set aside the Clerk's entry of default is hereby **GRANTED**. Accordingly, defendants' respective Answers, attached as exhibits A and B to the instant motion, are to be considered filed and docketed. However, due to defendants' culpable conduct in repeatedly failing timely to file their respective Answers in this action (despite the Court's June 10, 2016 order admonishing defendants to do so), plaintiff is awarded $3,250 in attorneys' fees to cover the expense associated with opposing the instant motion.

     IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |