UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | October 28, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES (Dkt. 48, filed September 9, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of October 31, 2016 is vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION**

On January 26, 2016, plaintiff Jose M. Villagordoa Bernal ("Villagordoa") filed the instant action in federal court against defendants Hector Manuel Rodriguez and Luis A. Rojas (collectively, "defendants"). Dkt. 1. In brief, plaintiff Villagordoa alleges that defendants defrauded him and his mother, Maria Susana Evans Bernal ("Bernal")—who is not a party in this suit—of $50,000 by fraudulently inducing them to invest in a hair salon business. See id. ¶¶ 10–42. On January 22, 2016, four days before filing the instant complaint, plaintiff Villagordoa voluntarily dismissed a single claim that he had previously been asserting in a state action in the San Bernardino County Superior Court ("the Superior Court action"), in which both he and his mother were plaintiffs, and both Rodriguez and Rojas were defendants. See Bernal v. Rodriguez, No. DS 1515538 (Cal. Super. Ct. Filed October 23, 2015). In the Superior Court action, Villagordoa and Bernal assert a variety of state law claims and allege largely the same facts as the operative complaint in this federal action.[1]

---

[1] Specifically, the original complaint in the Superior Court action asserts claims for (1) fraud, (2) fraud in the inducement, (3) conspiracy to commit fraud, (4) conversion, (5) intentional infliction of emotional distress, (6) breach of contract, (7) breach of fiduciary duty, (8) unlicensed practice of accounting, and (9) defamation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | October 28, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

In the instant case, in which only Villagordoa (and not his mother) is a plaintiff, the operative complaint asserts claims for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)–(d) ("RICO"), as well as state law claims for intentional misrepresentation, intentional infliction of emotional distress, breach of fiduciary duty, and concealment. See Dkt. 1.

On February 26, 2016, defendants, proceeding *pro se*, filed separate motions, pursuant to Federal Rule of Civil Procedure 12(b)(3), to dismiss this action for improper venue. Dkts. 10, 13. In an order dated April 20, 2016, the Court denied defendants' motions to dismiss for improper venue. Dkt. 21. Shortly thereafter, on April 25, 2016, plaintiff filed a motion requesting that the Court impose sanctions against defendants for, inter alia, misrepresentations in their motions to dismiss. Dkt. 24.

On May 26, 2016, in light of defendants' failure to file an Answer as required by Federal Rule of Civil Procedure 12(a)(4)(A), plaintiff filed an Application for Entry of Default. Dkt. 30.

On May 24, 2016, defendants filed a second Notice of Removal in federal court and thereby removed the Superior Court action to federal court. See Case No. 5:16-cv-01081-CAS-DTB, Dkt. 1 ("Second Notice of Removal"). The Superior Court action was then transferred to the undersigned as a case that is related to the pending federal action. Accordingly, on June 8, 2016, plaintiff timely filed a motion to remand the Superior Court action to the San Bernardino County Superior Court—although plaintiff's motion to remand appears to have mistakenly been docketed under the instant federal action (No. 16-cv-152) and not under the case number for the now-removed Superior Court action (No. 16-cv-1081). See Dkt. 37.

On June 6, 2016, one week before the scheduled hearing on plaintiff's motion for sanctions, defendants—then represented by attorney Franklin S. Adler—filed an untimely opposition to plaintiff's motion for sanctions. Dkt. 33.

In an order dated June 10, 2016, the Court (1) denied plaintiff's motion for sanctions and (2) remanded the Superior Court action on the grounds that defendants' removal of that action was untimely. Dkt. 38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | October 28, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

On June 20, 2016, defendants filed a motion for reconsideration of the Court's June 10, 2016 order. Dkt. 39. On June 21, 2016, the Court denied defendants' motion for reconsideration and "order[ed] defendants to file an Answer to the operative complaint in this action by [] Friday, June 24, 2016," further stating that "[i]f defendants fail to do so, the Court orders the Clerk of Court to enter default against defendants, pursuant to plaintiff's request for entry of default, dkt. 30, filed on May 26, 2016." See Dkt. 40 at 3 (emphasis in original).

On June 27, 2016, the Clerk entered default against defendants. Dkt. 41. On June 28, 2016, defendants filed a motion to set aside the Clerk's entry of default. Dkt. 42. Defendants attached two proposed Answers, one on behalf of each defendant, although the two appear identical in all respects except for the defendants' names. See Dkt. 42, Exs. A, B. On August 9, 2016, the Court granted defendants' motion to set aside the Clerk's entry of default and ordered defendants' proposed Answers to be considered filed and docketed. Dkt. 47.

In its August 9, 2016 order, the Court noted that defendants' Answers "are admittedly limited in their recitation of specific facts, but [] nonetheless assert (albeit in generalized terms) several affirmative defenses." Dkt. 47 at 6. The Court explained:

> Ultimately, the 'underlying concern' of the Court 'is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.' The Court is satisfied that at least 'some' such possibility exists; that is, the Court cannot conclude that 'permit[ing] [a] reopening of the case . . . [will] cause needless delay and expense to the parties and court system.'

Id. (citations omitted).

On September 7, 2016, plaintiff filed the instant motion requesting that the Court strike defendants' affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). Dkt. 48 ("Motion"). Defendant Rojas filed his opposition on October 14, 2016.[2] Dkt. 53

---

[2] Defendant Rodriguez has filed a Chapter 7 Bankruptcy Petition on or about September 21, 2016. Therefore, on October 6, 2016, the Court vacated all dates in this action as to Rodriguez. Dkt. 52.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | October 28, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

("Opp'n"). Plaintiff filed his reply on October 21, 2016. Dkt. 55 ("Reply").

## II. LEGAL STANDARDS

A motion to strike material from a pleading is made pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1382, at 706–07 (1990)), rev'd on other grounds, 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. The Court may also strike under Rule 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974).

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, 984 F.2d at 1527. A motion to strike is a matter of the district court's discretion. Griffin v. Gomez, No. C 98-21038-JW-NJV, 2010 WL 4704448, at *4 (N.D. Cal. Nov. 12, 2010). A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Rule 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

Federal Rule of Civil Procedure 8 requires a party to "state in short and plain terms its defenses to each claim asserted against it," and "affirmatively state" any affirmative defense. Fed. R. Civ. P. 8(b), (c)(1). An affirmative defense is sufficiently pled under this standard if "it gives plaintiff fair notice of the defense." Simmons v. Navajo Cnty., 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam)). "If a court strikes an affirmative defense, leave to amend should be freely granted, provided there is no prejudice to the moving party." Kohler v. Bed Bath & Beyond of California, LLC, No. 2:11-cv-4451-RSWL-SP, 2012 WL 424377, at *1 (C.D. Cal. Feb. 8, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | October 28, 2016 |
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

## IV.  DISCUSSION

In his Answer, Rojas asserts eight affirmative defenses: (1) failure to state a cause of action, (2) comparative negligence, (3) intervening causes, (4) the superior equities doctrine, (5) estoppel, (6) waiver, (7) laches, and (8) apportionment of fault. Dkt. 45 ¶¶ 22–29.

Plaintiff moved to dismiss Rojas's affirmative defenses on the following grounds. First, plaintiff argues that the failure to state a claim is not a cognizable defense and that his claims are sufficiently pleaded.  Motion at 12–13.

Second, with respect to Rojas's comparative negligence defense, plaintiff contends: (a) Rojas fails to identify which of plaintiff's causes of action the defense applies; (b) Rojas fails to provide any basis for or facts in support of his claim of comparative negligence, and (c) comparative negligence is not a defense in cases in which plaintiff alleges intentional misrepresentation. Id. at 13–14.

Third, with respect to Rojas's intervening causes defense, plaintiff avers: (a) Rojas fails to identify which of plaintiff's causes of action the defense applies; (b) Rojas fails to provide any basis for his claim of intervening causes, (c) Rojas's intervening causes defense refers to Rojas's preceding affirmative defenses, which are, according to plaintiff, not properly asserted; and (d) superseding conduct does not relieve Rojas of intentional conduct.  Id. at 15–17.

Fourth, with respect to Rojas's superior equities defense, plaintiff argues that the superior equities doctrine is a principle primarily applicable only to insurance law and Rojas fails to provide any basis for his claim of superior equity.  Id. at 18–19.

Fifth, with respect to Rojas's estoppel defense, plaintiff contends that Rojas fails to plead any of the four required elements of an estoppel defense and Rojas fails to provide any facts that support a defense of estoppel.  Id. at 20.  Plaintiff also notes that it appears that Rojas also raises a claim for offset in his fifth affirmative defense.  Id.  Plaintiff argues that, to the extent that Rojas asserts a claim for offset, Rojas's offset claim fails because Rojas does not allege any facts in support of that claim.  Id. at 20–21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | October 28, 2016 |
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

Sixth, with respect to Rojas's waiver defense, plaintiff avers that Rojas fails to allege any facts demonstrating waiver. Id. at 21–22.

Seventh, with respect to Rojas's laches defense, plaintiff argues that Rojas fails to allege the required elements of laches (delay by plaintiff and resulting prejudice to Rojas). Id. at 22–23. Plaintiff also asserts that Rojas cannot credibly argue laches because plaintiff filed his initial complaint in state court within a month after the Rojas's alleged conduct and plaintiff filed his complaint in federal court only four months after Rojas's alleged conduct. Id. at 23.

Eighth, with respect to Rojas's apportionment of fault defense, plaintiff contends that Rojas appears to be attempting to allege apportionment of fault with unnamed parties and such a claim should be raised as a cross-claim or impleader against the unnamed third parties. Id. at 24–25. Plaintiff argues that apportionment of fault is not a proper affirmative defense under California law, which applies a "pure" comparative fault rule that permits a plaintiff to recover from a defendant, regardless of the percentages of fault. Id. at 24. Plaintiff further avers that apportionment of fault is not applicable to the instant case where plaintiff alleges intentional conduct by Rojas. Id. at 25. Lastly, plaintiff contends that Rojas fails to provide any facts in support of his apportionment of fault defense. Id.

Having reviewed the parties' submissions, the Court finds that Rojas's answer provides plaintiff with fair notice of the grounds for defenses 1, 2, 3, 5, 6, 7, and 8. Those defenses "while boilerplate, are standard affirmative defenses, appropriate at the outset of the case." Baroness Small Estates, Inc. v. BJ's Restaurants, Inc., No. 8:11-cv-00468-JST-E, 2011 WL 3438873, at *6 (C.D. Cal. Aug. 5, 2011) (quoting Vistan Corp. v. Fadei USA, Inc., No. 3:10-cv-4862-JCS, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011). Notwithstanding the weight of authority, a defendant may assert "failure to state a claim" as an affirmative defense. See, e.g., E & J Gallo Winery v. Grenade Beverage LLC, No. 1:13-cv-00770-AWI, 2014 WL 641901, at *2 (E.D. Cal. Feb. 18, 2014) ("[F]ailure to state a claim is a defense that may be asserted in an answer."). Therefore, the Court **DENIES** plaintiffs' motion to strike affirmative defenses 1, 2, 3, 5, 6, 7, and 8.

Rojas's fourth affirmative defense, the superior equities doctrine, does not apply as a matter of law to this case, which does not involve insurers. See Sompo Japan Ins. Co. of Am. v. Action Exp., LLC, 19 F. Supp. 3d 954, 958 (C.D. Cal. 2014) ("[T]he doctrine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL         'O'

| Case No. | 5:16-cv-00152-CAS(DTBx) | Date | October 28, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. | | |

of superior equities . . . prevents an insurer from recovering against a party whose equities are equal or superior to those of the insurer."); State Farm Gen. Ins. Co. v. Wells Fargo Bank, N.A., 143 Cal. App. 4th 1098, 1108 (2006) ("In subrogation litigation in California, the doctrine of superior equities is critical in determining whether a right of subrogation exists."). Therefore, the Court **GRANTS** plaintiff's motion to strike Rojas's fourth affirmative defense without leave to amend.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** in part and GRANTS in part plaintiff's motion to strike Rojas's affirmative defenses.

IT IS SO ORDERED.

                                                                                                                                  00 : 00

Initials of Preparer            CMJ